UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

LINDSAY MADER,
on behalf of herself and
all others similarly situated

        Plaintiff,

    v.

DENTAL CRAFTERS, INC.,

        Defendant

Case No.: 20-cv-676

---

### AMENDED SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

---

    This Amended Settlement Agreement and Release of Claims ("Settlement Agreement") is voluntarily made and entered into by and between Plaintiff, Lindsey Mader, on behalf of herself and the putative Rule 23 class members (collectively, "Plaintiffs"), and Defendant, Dental Crafters, Inc. ("Defendant"). Plaintiffs and Defendant are referred to in this document collectively as the "Parties."

    Plaintiff filed a Complaint against Defendant in the Western District of Wisconsin captioned *Lindsay Mader, on behalf of herself and all others similarly situated v. Dental Crafters, Inc.*, Case No. 20-cv-676 (the "Lawsuit"), alleging Defendant failed to compensate its employees properly by not compensating employees for meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, in violation of the FLSA and WWPCL. Defendant answered the Complaint, denying liability, raising affirmative defenses, and affirmatively stating they complied at all times with all applicable laws and regulations.

    Recognizing the uncertainty of litigation and trial, the Parties agree to settle the matter as follows:

**1.**    <u>**Pleading and Certification**</u>

    The Parties stipulate to a Rule 23 class certification of a settlement class consisting of:

> All current and former hourly-paid, non-exempt employees employed by Defendant within two (2) years immediately prior to the filing of the Complaint, who were not compensated for daily breaks or meal periods lasting less than thirty consecutive minutes, and who recorded a daily break or meal

273319130v.1

period of less than thirty (30) consecutive minutes in duration on Defendant's timekeeping software.

Any stipulation to class certification is for the purposes of settlement only and is not an admission that certification is proper under FED. R. CIV. P. 23, or any state law equivalent. If for any reason the Settlement Agreement is not approved or is terminated, these stipulations, and any made below, will be void, inadmissible, and will have no effect in the Lawsuit or any claims brought on the same or similar allegations.

## 2. Settlement Notice & Settlement Class

Following preliminary Court approval of the Settlement Agreement, Plaintiffs' Counsel will send notice of the proposed settlement to the stipulated Rule 23 class. A copy of the proposed notice to the Rule 23 class is attached at **Exhibit 1** (the "Settlement Notice"). The Settlement Notice recipients who want to opt out of the settlement class must do so within thirty (30) calendar days of the mailing of the Settlement Notice. Plaintiffs' Counsel will provide written notice to Defendant within seven (7) calendar days of the end of the notice period of the identity of each individual who opts out or seeks exclusion from the Rule 23 class, including name, address, telephone number, and/or employee identification number. The Settlement Notice recipients who do not opt out of the Rule 23 class will be referred to as the "Settlement Class."

Following final approval of the Settlement Agreement, the Settlement Class will receive a letter notice with their settlement checks that details the scope of the release and states that by negotiating or cashing one or both of their individual settlement checks, the Settlement Class member is agreeing to the settlement and release. A copy of the proposed letter notice to the Rule 23 class members who do not opt out of the class is attached as **Exhibit 2**.

## 3. Scope of Release

A. Subject to approval of the Court, in consideration of benefits inuring to the Parties, the Settlement Class release and forever discharge (i) Dental Crafters, Inc.; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Dental Crafters, Inc.; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsections (i), (ii), or (iii) hereof (collectively, the "Released Parties") from any and all claims, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether now known or unknown, asserted or unasserted, under Wisconsin's Wage Payment and Collection Laws; other state wage payment and compensation laws; or any other wage payment and compensation claim, regardless of the forum in which it might be brought, if any, which the Settlement Class, collectively or individually, have, might have, or might claim to have against the Released Parties, or any of them individually, for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any whenever incurred, or suffered by the Settlement Class,

collectively or individually, as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, through the effective date of the Settlement Agreement.

B.  Subject to approval of the Court, in consideration of benefits inuring to the Parties, members of the Settlement Class whom timely cash their settlement payment, release and forever discharge (i) Dental Crafters, Inc.; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Dental Crafters, Inc.; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsections (i), (ii), or (iii) hereof (collectively, the "Released Parties") from any and all claims, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether now known or unknown, asserted or unasserted, under the Fair Labor Standards Act or any other wage payment and compensation claim, regardless of the forum in which it might be brought, if any, which the Settlement Class, collectively or individually, have, might have, or might claim to have against the Released Parties, or any of them individually, for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any whenever incurred, or suffered by the Settlement Class, collectively or individually, as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, through the effective date of the Settlement Agreement.

All settlement checks shall contain on the back of the check, the following limited endorsement:

"CONSENT TO JOIN AND FINAL RELEASE OF FLSA CLAIMS: I understand that I have up to [INSERT DATE 180 DAYS FROM MAILING] to sign and cash this Settlement Check. By endorsing and/or redeeming this check, I consent to join the Fair Labor Standards Act claims in the case entitled Lindsay Mader, on behalf of herself and all others similarly situated, v. Dental Crafters, Case No. 1:20-cv-00676, pending in the United States District Court for the Western District of Wisconsin, and agree to be bound by the Settlement Agreement in that case and hereby release the Released Parties from all claims that I might have for or relating to wages I am owed for working at Defendant between July 23, 2018 and the Effective Date of the Settlement Agreement.

_____   Dated: _____
Signature

The Order of Final Approval shall state that the effect of this endorsement and/or redeeming of the check by a Class Member is to act as a properly filed Consent to join the Fair Labor Standards Act claims in this matter, and an agreement to be bound by this Agreement.

C.  The Named Plaintiff, Lindsay Mader, further agrees to release and discharge the Released Parties from any and all claims , actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether now known or unknown, asserted or unasserted, under the Fair Labor Standards Act, or any other wage payment and compensation claim, regardless of the forum in which it might be brought, if any, which she, collectively or individually, have, might have, or might claim to have against the Released Parties, or any of them individually, for any and

all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any whenever incurred, or suffered by her, collectively or individually, as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, through the effective date of the Settlement Agreement.

**4.     Settlement Amount**

In consideration for signing the Settlement Agreement, and complying with its terms, Defendant agrees to pay Sixty-Seven Thousand and Forty-Eight Dollars and Ninety-Three Cents ($67,048.93) ("the Gross Settlement Payment"), which consists of:

a. All payments (including interest and liquidated damages) to the Settlement Class;

b. All applicable federal, state, municipal, and local taxes; FICA; Social Security; Medicare; and other employee payroll deductions and withholdings from Plaintiffs' settlement checks required by law. Defendant shall be separately responsible for payment of the employer's share of payroll taxes resulting from the Gross Settlement Payment to the Settlement Class;

c. A service payment to Named Plaintiff, Lindsay Mader, in the amount of Three Thousand Dollars and Zero Cents ($3,000.00); and

d. All attorneys' fees, costs, and expenses related to the Lawsuit in an amount not to exceed Twenty-Six Thousand Dollars and Zero Cents ($26,000.00).

**5.     Settlement Payment**

The gross payments to the Settlement Class will be calculated by taking the Gross Settlement Payment amount of Sixty-Seven Thousand and Forty-Eight Dollars and Ninety-Three Cents ($67,048.93) and subtracting attorneys' fees, costs, and the service payment to the Named Plaintiff. The remaining amount of the Gross Settlement Payment will be allocated to the Settlement Class as attached as **Exhibit A to Exhibit 1**. These gross settlement amounts are allocated as follows:

a. For the approximately one hundred and eleven (111) Settlement Class members who are part of the Rule 23 class, their gross settlement amount represents their actual damages, inclusive of interest and liquidated damages, related to the unpaid break and meal period claims owed for the two-year (2) statutory period under the WWPCL, totaling Thirty-Eight Thousand and Forty-Eight Dollars and Ninety-Three Cents ($38,048.93).

For purposes of calculating applicable taxes and withholdings, except as stated above in Paragraph 5, half of each Settlement Class member's gross settlement payment shall be paid as wages subject to W-2 reporting and withholding, and half of each Settlement Class member's gross settlement payment shall be designated as penalties, liquidated damages, and interest and will be reported on IRS Form 1099 with no withholdings. Notwithstanding the treatment of each payment to each Settlement Class member above, none of the payments, including the wage portion, are to

273319130v.1

be treated as earnings, wages, pay, or compensation for any purpose of any applicable benefit or retirement plan unless required by such plans.

For any individuals who timely exclude themselves from the Settlement Class as set forth in Paragraph 14(e), the settlement amount allocated to that individual will revert to and be retained by Defendant. Named Plaintiff, Lindsay Mader, will petition the Court for approval of a service award in the amount of Three Thousand Dollars and Zero Cents ($3,000.00), which Defendant agrees not to oppose. This service payment will be reported on IRS Form 1099 with no withholdings.

Defendant will deliver checks for court-approved settlement amounts directly to the last known mailing address of Settlement Class member within twenty-one (21) calendar days of the date the Court issues an order granting final settlement approval. The Settlement Class members will have one hundred eighty (180) days to negotiate or cash their individual settlement checks. Any amounts of gross settlement payments to the Settlement Class that are not negotiated or cashed within one hundred eighty days (180) will revert to and be retained by Defendant.

**6.     Attorneys' Fees and Costs**

Defendant stipulates to appointing Plaintiffs' Counsel, Walcheske & Luzi, LLC, as the FLSA collective and Rule 23 class counsel. Plaintiffs' Counsel will petition the Court for approval of attorneys' fees and costs in the amount of $26,000.00 of the Gross Settlement Fund which is representative of Plaintiff's Counsel's actual fees and costs associated with the litigation of this matter. Defendant agrees not to oppose this request. Plaintiffs' Counsel will receive an IRS Form 1099 reflecting payment for attorneys' fees and costs.

Defendant will deliver a check for court-approved attorneys' fees and costs within twenty-one (21) calendar days of the latter of: (1) the date the Court issues an order granting final settlement approval; or (2) the date the Court issues an order approving attorneys' fees and costs.

**7.     Taxation and No Tax Advice**

The Settlement Class shall be obligated to obtain their own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration they receive or obtain pursuant to the Settlement Agreement, and shall further assume the responsibility of remitting to the Internal Revenue Service and any other relevant taxing authorities any and all amounts required by law to be paid out of any monies received, or other remuneration obtained, under the Settlement Agreement, without any contribution whatsoever from any of the Released Parties. Nothing in the Settlement Agreement shall be construed as Defendant or Defendant's Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of the Settlement Classes' participation in the Settlement Agreement.

**8.     No Admission of Liability**

Nothing contained in the Settlement Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, or wrongdoing on the part of Defendant

273319130v.1

or the Released Parties. Defendant, for itself and the Released Parties, deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Complaint.

### 9. Confidentiality

The Settlement Class agrees that, unless compelled by legal process, they will not disclose to others and will keep confidential both the fact of and the terms of the Settlement Agreement, including the amounts referred to in the Settlement Agreement, except that the Settlement Class may disclose this information to their spouses and to their attorneys, accountants, and other professional advisors to whom the disclosure is necessary to accomplish the purposes for which the Settlement Class have consulted such professional advisors. The Settlement Class expressly promise and agree that, unless compelled by legal process, they will not disclose to any present or former employees of Defendant or the Released Parties the fact or the terms of this settlement.

Plaintiffs' Counsel shall not advertise, promote, issue a press release, or otherwise disclose the fact of and the terms of the Settlement Agreement, including the amounts referred to in the Settlement Agreement

### 10. Inadmissibility of the Settlement Agreement

The Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

### 11. Release Compromise Of Bona Fide Dispute

The Parties agree that the terms of the Settlement Agreement represent a reasonable compromise of disputed claims and issues, arising from a bona fide dispute over unpaid wage claims under the FLSA and WWPCL, and the merits of Plaintiffs' claims and Defendant's defenses, and agree to represent the same to the Court. The Parties further agree that the Settlement Agreement is a fair, reasonable, and adequate resolution of Plaintiffs' claims.

### 12. Waiver of Appeals

The Parties agree to, and do hereby waive all appeals with the sole exception that Plaintiffs' Counsel can appeal a reduction, if any, in the amount of the attorneys' fees and costs that the Court awards. A denial of the requested fees and costs amount shall not void the Settlement Agreement or affect the entry of the Order approving of the Settlement Agreement.

### 13. Mutual Full Cooperation

Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of the Settlement Agreement, and neither party shall take any action to oppose implementation of the Settlement Agreement or any of its terms. Defendant's Counsel shall provide Plaintiffs' Counsel with reasonable assistance

necessary to draft all papers to be filed with the Court in conjunction with approval of the Settlement Agreement.

**14.    Timeline of Settlement Events**

The Parties agree to the following timeline for completion of settlement and settlement approval:

a. Fourteen (14) calendar days from full execution of Settlement Agreement: Plaintiffs' Counsel will send Defendant's Counsel a proposed motion for preliminary settlement approval and Rule 23 class certification (the "Proposed Motion").

b. Seven (7) calendar days from receipt of the Proposed Motion: Defendant's Counsel to provide edits to proposed motion.

c. Seven (7) calendar days from receipt of Defendant's Counsel's edits to the Proposed Motion: Plaintiff's Counsel will file a finalized motion for preliminary settlement approval, FLSA collective certification, and Rule 23 class certification (the "Preliminary Settlement Motion").

d. Ten (10) calendar days from the date the Court grants preliminary settlement approval: Plaintiff's Counsel to send the Settlement Notice to the Rule 23 class members.

e. Thirty (30) calendar days from the date of the Settlement Notice mailing: Deadline for Rule 23 class members to opt-out of the Rule 23 class.

f. Fourteen (14) calendar days before the Fairness Hearing: Deadline for Plaintiffs' Counsel to file a motion for final settlement approval and Plaintiffs' Counsel's petition for approval attorneys' fees and costs and Named Plaintiff's service award. Plaintiffs' Counsel will draft the motion for final settlement approval in time to provide Defendant's Counsel with fourteen (14) days to review and propose edits or changes to the motion.

**15.    Communications**

Unless otherwise specifically provided, all notices, demands, or other communications given under the Settlement Agreement shall be in writing and shall be sent via e-mail and U.S. mail, addressed as follows:

**To Plaintiffs:**
James A. Walcheske, Esq.
Walcheske & Luzi, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: 262-780-1983
Email: jwalcheske@walcheskeluzi.com

**To Defendant:**
John P. Loringer, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
555 E. Wells Street, Suite 1730
Milwaukee, WI 53202
Telephone: 414-276-8816
Email: john.loringer@wilsonelser.com

### 16.  Construction

The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy and intensive arms'-length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or her or its counsel participated in the drafting of the Settlement Agreement. The Parties request that before declaring any provision of the Settlement Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in the Settlement Agreement.

### 17.  Representation by Counsel and Authority

Counsel for the Parties represent and warrant that they are fully authorized to enter into the Settlement Agreement.

### 18.  Captions and Interpretations

Section titles or captions contained in the Settlement Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of the Settlement Agreement or any of its provisions.

### 19.  Modification

The Settlement Agreement may not be changed, altered, or modified, except in writing and signed by counsel for the Parties. The Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Court.

### 20.  Integration Clause

The Settlement Agreement contains the entire agreement between the Parties relating to the settlement of the Lawsuit, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Plaintiffs, Defendant, or their respective counsel, are merged in the Settlement Agreement. No rights under the Settlement Agreement may be waived except in writing signed by the counsel for the Parties set forth in Section 22.

273319130v.1

**21. Binding on Assigns**

The Settlement Agreement shall be binding upon and inure to the benefit of the Parties, including the Released Parties as third-party beneficiaries to the Settlement Agreement, and their respective heirs, trustees, executors, administrators, successors, and assigns.

**22. Counterparts and Facsimile Signatures**

The Settlement Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement. The Settlement Agreement may be executed by facsimile signatures or email, which shall be deemed to be originals.

**23. Applicable Law**

This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of Wisconsin to the extent federal law does not apply.

Dated: 7/20/2022      s/ Lindsay Mader

Lindsay Mader, Named Plaintiff

Dated: 7/20/2022      s/ Andrew J. Wilkins, GM at Dental Crafters, Inc.

On Behalf of Dental Crafters, Inc.