IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINDSAY MADER,
on behalf of herself
and all other similarly situated

                Plaintiff,

v.

DENTAL CRAFTERS, INC,

                Defendant.

OPINION and ORDER

20-cv-676-jdp

---

    Plaintiff Lindsay Mader filed this proposed collective and class action against defendant Dental Crafters, Inc., a laboratory that develops and manufactures dental products. Dkt. 1. Mader contends that Dental Crafters failed to properly compensate employees for breaks in violation of the Fair Labor Standards Act (FLSA) and Wisconsin wage law.

    The parties have filed a joint motion for preliminary approval of a proposed settlement of this lawsuit. Dkt. 13. In their motion, they seek certification of a class under Federal Rule of Civil Procedure 23, preliminary approval of the settlement agreement, appointment of class counsel and a class representative, and approval of notice. The court held a telephonic conference on July 13, 2022, to get clarification from the parties on several issues in the joint motion. The motion will be granted. Mader is directed to send notice to class after making one modification, and a final approval deadline and Zoom fairness hearing will be scheduled.

ANALYSIS

    Mader contends that Dental Crafters violated the FLSA and Wisconsin wage law by failing to compensate her and other hourly employees for breaks and meal periods that were

less than 30 minutes. The parties previously stipulated to conditional certification of the FLSA collective, Dkt. 17, but no proposed members opted in. So Mader's lawsuit now consists of an individual FLSA claim in which she is the sole plaintiff, and state-law claims that she still seeks to bring as a class action.[1] The parties now ask the court to certify the class under Federal Rule of Civil Procedure 23(b)(1) and preliminarily approve the proposed settlement.

## A. Class certification

There are three requirements for class certification under Rule 23: (1) the class must be clearly defined with objective criteria, *Mullins v. Direct Digital, LLC,* 795 F.3d 654, 657 (7th Cir. 2015); (2) the class must satisfy the threshold requirements of numerosity, commonality, typicality, and adequacy of representation under Rule 23(a); and (3) the class must meet the requirements of at least one of the types of class actions listed in Rule 23(b).

### 1. Class definition

At the telephonic conference, the court cleared up a discrepancy in the proposed class definition and raised a concern with including the term "non-exempt" to define employees in the class. The parties agreed that the term "non-exempt" could be removed from the class definition and agreed to submit an amended settlement agreement reflecting the correction. But the amended agreement's class definition did not remove "non-exempt." Dkt. 22, at 1. The court will disregard the term "non-exempt" from the definition for purposes of preliminary

---

[1] In *Kneipp v. Re-Vi Design, LLC*, No. 17-cv-857-slc, 2019 WL 1244903, at *3 (W.D. Wis. Mar. 18, 2019), this court concluded that a state-law class action substantially predominated over an individual FLSA claim, so the court declined under 28 U.S.C. § 1367(c)(2) to exercise supplemental jurisdiction over the state-law claims. But declining jurisdiction under § 1367(c) is discretionary, see *Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008), and it will further judicial economy in this case to consider the proposed settlement of both federal and state claims together. So the court will exercise its discretion to retain jurisdiction over the state-law claims.

approval of the settlement agreement. The court will require the parties to make the correction in the notice to proposed class members. The correct class definition is:

> All current and former hourly-paid employees employed by Defendant within two (2) years immediately prior to the filing of the Complaint, who were not compensated for daily breaks or meal periods lasting less than thirty consecutive minutes, and who recorded a daily break or meal period of less than thirty (30) consecutive minutes in duration on Defendant's timekeeping software.

Dkt. 22. The definition, as corrected, satisfies the first requirement. The parties have clearly defined a class that can be identified using objective criteria: the class includes all employees who worked for Dental Crafters within a two-year period, were paid on an hourly basis, were not compensated for breaks of meal periods less than 30 minutes long, and who recorded those breaks in timekeeping software.

### 2. Rule 23(a) requirements

The court concludes that the proposed class satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequate representation. Numerosity requires the proposed class to be so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a). At the telephonic conference, the court alerted the parties to discrepancies in the number of proposed class members in the joint motion materials. The parties clarified that the correct number corresponds to the list of individual proposed class members, which is 104 individuals. Dkt. 13-1, at 15.

The court of appeals has deemed classes of 40 members to be sufficient. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). The parties say that joinder is unworkable because forcing class members "to relitigate the common issues present in this case would unnecessarily increase the cost of litigation." Dkt. 14, at 13. And most of the claims

3

are of low value. Only nine class members stand to receive awards of more than $1,000, the vast majority of the awards are less than $500, and twelve are below $50. *See* Dkt. 13-1, at 15. The court concludes that joinder would unnecessarily increase the cost of litigation, particularly for class members with low-value claims. So the numerosity requirement is satisfied.

Commonality requires that the action involve "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In other words, a proposed class meets this requirement if "determining the truth or falsity of [a] common contention will resolve an issue that is central to the validity of each claim." *Chi. Teachers Union, Local No. 1. v. Bd. of Educ.*, 797 F.3d 426, 434 (7th Cir. 2015). The parties say that the class members have identical wage and hour claims arising under the same statutes. The question common to the class is whether the proposed class members are entitled to be compensated for less-than-30-minute breaks. Determination of this question will resolve the allegations of the entire class, so the commonality requirement is satisfied.

Typicality requires the class representative's claims to be typical of the claims of the proposed class. Mader's claim is based on Dental Crafters's failure to compensate her for break and meal periods less than 30 minutes long. Her claim involves the same legal theories and arises from the same course of conduct as the other class members' claims, *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998), so the typicality requirement is satisfied.

Adequate representation involves two questions: (1) whether the class representative's interests are aligned with those of the class; and (2) whether class counsel is capable of litigating the case. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). The parties say that Mader has no conflicts or interests that are at odds with the rest of the class. Mader's counsel, James A. Walcheske, of Walcheske & Luzi, LLC, has agreed to submit materials

outlining his experience practicing wage and hour law at the final approval stage. The parties have not pointed to any potential concerns about Mader's interests in relation to the class or about counsel's capabilities, so the adequate representation requirement is provisionally satisfied.

The court concludes that this class action meets the Rule 23(a) requirements.

### 3. Rule 23(b) requirements

The class must also satisfy the requirements of one of Rule 23(b)'s three subsections. The parties contend that this class action meets the requirements of Rule 23(b)(3), which requires that the action's common questions of law or fact predominate over questions that affect only individual members, and that a class action is superior to other available methods for resolving the case. To determine whether common questions predominate, the court considers (1) the class members' interests in individually controlling their own claims; (2) the nature and extent of any other litigation about the controversy; (3) the desirability of concentrating the litigation here; and (4) any management challenges that the case may present. Fed. R. Civ. P. 23(b)(3).

First, as for the individual class members' interest in controlling their own claims, litigating the class members' claims individually would be expensive and time consuming, and for many class members, the costs of litigation would exceed their recovery. Second, the parties do not suggest that there is any other litigation related to the claims at issue in this case. Third, concentrating the litigation in this case is desirable because it would be efficient to resolve the claims on a class-wide basis. Fourth, the case presents no management challenges because the parties have settled. In this action, Mader challenges Dental Crafters's uniform policy of failing to compensate employees for less-than-30-minute breaks. Usually, when a class of employees

5

attacks the validity of an employer policy or practice, "the validity of that policy predominates over individual issues and class certification is appropriate." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 556 F. Supp. 2d 941, 961 (W.D. Wis. 2008).

A class action is also the superior method for resolving the case. This action involves more than 100 relatively low-value claims. Resolving those claims through a class action will save time and expense for the class members and Dental Crafters and conserve court resources. The proposed class satisfies Rule 23(b)(3).

## B. Preliminary approval

The next question is whether to preliminarily approve the proposed settlement. Dkt. 22. The court may grant preliminary approval if it "will likely be able to approve" the proposed settlement. Fed. R. Civ. P. 23(e)(1). The court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> (i) the costs, risks, and delay of trial and appeal;
>
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>
> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

These factors all weigh in favor of approval. First, class representative and counsel have adequately represented the class. Mader and class counsel have worked together to gather information and documents necessary to the litigation, bring claims against Dental Crafters, and settle the case.

Second, the proposed settlement agreement was negotiated at arm's length. Counsel for both parties negotiated the agreement over several months. The parties say that they still have disagreements about the case merits and felt uncertain about the outcome at the collective and class certification stage. The parties ultimately concluded that the prospect of expeditious resolution outweighed the risks and costs to both sides if the litigation continued to later stages in the case.

Third, the relief to the class is adequate. The settlement creates a settlement fund of $67,048.93. From that amount, class counsel would receive attorneys' fees and costs of up to $26,000.00. Plaintiff will receive a service award of $3,000. The remaining $38,048.93 would be distributed to class members by check in the amount of their individual award. *See* Dkt. 13-1, at 15. Each class member's award was calculated by multiplying the employee's rate of pay by the number of minutes the employee was not compensated for less-than-30-minute breaks. Each class member's liquidated damages were calculated by multiplying their actual damages by 1.25. So each class member will receive unpaid wages and one quarter of that amount as liquidated damages. The awards are lower than the statutory maximum, which allows for liquidated double damages, but the relief is adequate given the advantages and disadvantages of settlement versus continuing the litigation.

Specifically, the relief is adequate in light of the costs, risks, and delay of trial and appeal. Plaintiff filed her original complaint on July 23, 2020, and since then, the parties

7

engaged in discovery and successful settlement negotiations. The parties say that continuing the litigation would have involved substantial time and expense, driven by the need for numerous depositions across multiple states and extensive document review and production. This progress represents significant time and resources and indicates that the parties have considered the merits and risks of litigating compared to settling.

The settlement also provides an effective method of distributing relief to the class. Dental Crafters will send a letter and settlement check directly to the last known mailing address of each class member within 21 days of final settlement approval. Amounts not claimed or cashed within 180 days will revert to defendants. The parties do not provide details about how settlement claims will be processed, so they should explain the claim process in their final approval motion.

The terms of the proposed attorney fee award of $26,000 also supports adequacy of relief. The court stated during the telephonic conference that the proposed award is reasonable, given the parties' assertion that the proposed award is actually lower than the value of litigating the case. Plaintiff's counsel appears to rely on a lodestar approach rather than a percentage of recovery approach. As the court told the parties during the telephonic conference, at the final approval stage, plaintiff's counsel should adequately support the attorney fee award by showing that the hours worked and rates are reasonable. Plaintiff's counsel should comply with this court's procedures for requesting attorney fees.[2]

Fourth, the settlement treats class members equitably relative to each other. Each class member is eligible for an award that is based on his hourly rate and his uncompensated minutes

---

[2] The procedures are available at: https://www.wiwd.uscourts.gov/judge-specific-procedures.

for less-than-30-minute breaks. This means that class members will receive individualized compensation amounts reflecting their individualized losses and harms.

In sum, the court concludes that the court will likely be able to give final approval of the settlement.

## C. Notice

The court must also determine whether the proposed notice meets the requirements of Rule 23(c)(2). First, the court must ensure that notice is given in a reasonable manner. *Id.* As the court noted above, notices will be sent to class members by United States mail, which is an appropriate method of sending notice. *Id.* ("The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means"). But the parties don't explain what they will do in the event that a notice is returned as undeliverable. The court expects the parties to take reasonable steps to update any outdated addresses or to use alternative methods of notice such as email, if mail is not successful. If the parties fail to show at the final approval stage that they have successfully notified a substantial number of class members, the court will consider whether to require an additional round of notice before approving the settlement.

Second, under Rule 23(c)(2), the notice must clearly and concisely state in easily understood language: the nature of the action; the class definition; the claims and issues in the case; that a class member may appear through an attorney; that the court will exclude from the class any member who requests it; the time and manner for requesting exclusion; and the binding effect of a class judgment on members. As the court discussed above, the parties are required to correct the notice by removing the term "non-exempt" from the class definition.

Taking that modification to the notice into account, the notice complies with Rule 23's requirements. Dkt. 13-1, at 10.

The parties' joint motion for preliminary approval is granted. The parties may disseminate the notice after correcting the class definition, file a motion for final approval, file a motion for attorney fees, and appear at a final fairness hearing, in accordance with the dates in the order line below.

ORDER

IT IS ORDERED that:

1. The parties' joint motion for preliminary approval of a proposed settlement, Dkt. 13, is GRANTED.

2. The parties may have until August 4, 2022, to correct the notice and disseminate the notice to the class. Class members will have 45 days to opt out of the Rule 23 class or file objections.

3. The parties may have until October 11, 2022, to file a motion for final approval addressing the factors in Rule 23(e).

4. Mader may have until October 11, 2022, to file a motion for attorney fees.

5. The court will hold a Zoom fairness hearing on October 25, 2022.

Entered July 25, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge